IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TAURUS IP, LLC,

                                                         OPINION and ORDER

                     Plaintiff,

                                                       3:07-cv-481-bbc

    v.

FORD MOTOR COMPANY,
MAZDA MOTOR OF AMERICA, INC. and
VOLVO CARS OF NORTH AMERICA,
INC.,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is one of three patent infringement suits pending before this court in which plaintiff Taurus IP, LLC alleges infringement of United States Patent No. 6,141,658 (the '658 patent). In this case, the defendants are Ford Motor Company, Mazda Motor of America, Inc. and Volvo Cars of North America, Inc. Now before the court is defendants' motion to dismiss or stay this case or alternatively for a more definite statement. Defendants contend that stay or dismissal is warranted in this case because, under a licensing agreement between a corporation named Orion IP, LLC and defendants, plaintiff was required to submit to dispute resolution before filing this infringement suit. In addition, defendants contend that plaintiff's allegations of infringement are so vague that they cannot

1

answer them without undue burden or prejudice.

Defendants' motion to stay or dismiss this case will be denied because, at this stage, defendants have not established that plaintiff is subject to the dispute resolution provision. However, defendants' motion for a more definite statement will be granted because plaintiff has failed to identify all of defendants' products it believes to infringe the '658 patent or the specific patent claims it believes defendants' products infringe.

I find the following facts to be undisputed for the purpose of deciding defendants' motions.

## FACTS

### A. Plaintiff and Related Corporate Entities

Plaintiff is a Wisconsin limited liability company with its principal place of business in Wisconsin.

Orion IP, LLC was a Delaware limited liability company with its principal place of business in California. The company was controlled by Plutus IP Holding, LLC and had as its sole member Erich Spangenberg. Orion IP, LLC merged with Orion IP Texas, LLC on March 31, 2006. (For purposes of this opinion, I refer to Orion IP, LLC as "Orion.")

Plutus IP Holding, LLC is a company owned and controlled by Erich Spangenberg. Plutus IP Holding controls several companies: Constellation IP, LLC, Caelum IP, LLC Orion

2

IP Texas, LLC and plaintiff. Before Orion merged into Orion IP Texas, LLC, Plutus IP Holding, LLC controlled that company, too. Spangenberg is the sole member of all of these companies.

### B. Ownership of the '658 Patent

On February 22, 2004, Orion and Spangenberg purchased a group of patents, including the '658 patent from a company named Firepond. On August 31, 2004, Orion and Spangenberg assigned the '658 patent to Caelum. On February 14, 2006, Caelum merged with Constellation, assigning the '658 patent to Constellation. On March 10, 2007, Constellation and Spangenberg assigned the '658 patent to Taurus.

### C. Previous Litigations and Settlement Negotiations

On August 25, 2004, Orion and Spangenberg filed a complaint against defendant Ford in the Eastern District of Texas, alleging infringement of two of the other patents acquired from Firepond. On September 16, 2005, Orion filed suit against defendants Mazda and Volvo for infringement of the same patents. The suits alleged infringement by defendants' "supply chain methods, sales methods, [and] sales systems" especially through defendants' websites.

On or before January 18, 2006, defendants began settlement negotiations with

Spangenberg and Orion. Defendants asked Spangenberg to provide a list of his "entire portfolio." Spangenberg asked whether defendants wanted the portfolio of "(i) just Orion, (ii) Orion and 'affiliates' [or] (iii) Orion, its affiliates and anything that Orion and its affiliates acquire in the future." Spangenberg represented that he had not yet determined which patents owned by Orion and its affiliates could apply to defendants, but would make that determination as part of the negotiation and settlement process. Defendants requested protection from the full patent portfolio of "Orion and its affiliates."

In response, Spangenberg sent defendants a list of patents owned by Orion and its affiliates. The list included the two patents implicated in the then-pending litigations and four other patents. It did not include the '658 patent.

### D. Licensing Agreement

As a result of the negotiations, defendants reached an agreement with Orion. Under the terms of the agreement, defendants are licensed to use "Licensed Technology," which is defined as technology "falling within the scope of one or more claims" of the six patents Spangenberg had listed and "any patents acquired by Orion after the Effective Date providing for or related to the cataloging, configuration and sales of parts and vehicles." In addition, defendants are released from liability by Orion and "Orion Related Companies" for activities related to the lawsuit or the patents licensed, but "solely with respect to

4

activities that would have been licensed under this Agreement if they had been performed on or after the Effective Date."

In addition, Orion and defendants agreed that "[i]f a dispute arises between the parties relating to this Agreement [a dispute resolution procedure] shall be implemented before any party pursues other available remedies." Elsewhere, the agreement defines "parties" as Orion and defendant Ford. The agreed-upon procedure includes negotiation, mediation and binding arbitration.

### E.  Present Lawsuit

On August 29, 2007, plaintiff filed this action against defendants, alleging infringement of the '658 patent. The complaint alleges that defendants are infringing the '658 patent by

> making, using, offering products for sale, and/or selling products and/or services including, without limitation, products that are available for configuration at
> http://www.ford.com/en/vehicles/vehicleShowroom/default.htm,
> http://www.fordvehicles.com/, http://www.mercuryvehicles.com/,
> http://www.lincoln.com/,
> http://www.mazdausa.com/MusaWeb/displayConficModels.action,
> http://www.volvocars.us/tools/buildyourvolvo-iframe.htm,
> and, upon information and belief, internal websites and dealer portals.

In response to plaintiff's complaint, defendants objected to the vagueness of the allegations, noting that the complaint "provides little specificity as to which products or

5

services available at the identified websites are accused of infringement" and "provides no specificity or guidance as to which internal websites and dealer portals" are accused of infringement.

On October 5, 2007, defendants sent a letter to plaintiff and Orion IP Texas, LLC, requesting that the parties submit to the mandatory dispute resolution procedures. On October 17, 2007, defendant Ford received a letter from counsel for Orion. The letter had as the subject "Re: Patent License and Settlement Agreement dated January 20, 2006." In the letter, Orion noted that it had "become aware that in recent litigation Ford has raised a license defense," and then "invoke[d] the dispute resolution procedures" set forth in the agreement.

### F. Defendants' Websites and Products

The public websites identified by Taurus in the complaint contain links to thousands of products, parts, services and other websites that contain many more links. For defendant Ford Motor Company, the highest-level directory for its public website, www.fordvehicles.com, contains forty directories that each contain many sub-directories. Some directories and subdirectories link to or are pages on which a user can purchase products or services and others link to or are pages on which a user can receive only information. The other public websites contain many related websites in a similar fashion.

6

In addition, defendants have thousands of internal databases and dealer portals that contain thousands of products, services, and web pages.

## OPINION

### A. Motion to Dismiss or Stay

Defendants contend that this case must be dismissed or stayed because their agreement with Orion so requires. However, plaintiff is neither a party to the previous litigation nor a signatory to the agreement. Defendants contend that plaintiff is bound by the agreement because it is an "Orion Related Company" as defined by the agreement and because it is an "assignee" of Orion that cannot sue under the release provision of the agreement. Neither of these arguments helps because neither makes Taurus a "party" as required by the dispute resolution clause. The clause mandates dispute resolution procedures only when "a dispute arises" between "parties," defined to include only Orion and defendant Ford. Likewise, the clause prevents only a "party" from seeking other available remedies.

Defendants contend that plaintiff should be treated as a "party" for purposes of the dispute resolution clause because both it and Orion are part of a "single business enterprise" orchestrated by Spangenberg. Defendants cite Texas law for the proposition that corporate form may be disregarded for entities that are part of a single business enterprise. Formosa

7

Plastics Corp., USA v. Kajima International, Inc., 216 S.W.3d 436, 461 (Tex. App. 2006). Of course, Texas law is not binding in this situation because it is plaintiff's corporate form that defendants would have this court disregard, and plaintiff is a Wisconsin corporation. Taurus IP v. DaimlerChrysler Corp., 519 F. Supp. 2d 905, 919 (W.D. Wis. 2007) ("A court should look to the state of incorporation of the veiled entity to determine when and whether the corporate form should be disregarded.")  Wisconsin has not adopted the single business enterprise doctrine.  However, it does permit corporate form to be disregarded under the "alter ego" theory when a corporate entity has been so completely dominated that the "corporate entity had at the time no separate mind, will or existence" and has been so dominated in order to commit a fraud or wrong.  Consumer's Co-op. of Walworth County v. Olsen, 142 Wis.2d 465, 484, 419 N.W.2d 211, 217-18 (1988).

At this stage, defendants have failed to show that plaintiff and Orion are "alter egos" of Spangenberg.  All that plaintiff has established is that Spangenberg was a sole managing member of both and was involved in the transfer of the patent from one entity to another in a suspicious time period.  This is a far cry from the requirement that the entity have "no separate mind, will or existence" and be used to commit fraud against defendants.  Although it is possible for a sole member to completely dominate its corporation so that it has no separate "will or existence," it is not an automatic conclusion.  A sole member of multiple entities may very well respect each entity's corporate form and operate within each entity

8

in a way that respects the separate purpose of each.

Defendants attempt to establish plaintiff's alter ego status by pointing to a recent decision from this court in which I determined that these same entities, Taurus IP and Orion, are indeed alter egos. Taurus IP, 519 F. Supp. 2d at 920. However, in Taurus IP, I reached that conclusion in a different context. In that case, defendants established a prima facie case for the court's exercise of jurisdiction on the basis of the amended counterclaims of the defendants in that case and supplemental evidence regarding their dealings with Taurus IP, Orion, Spangenberg and other corporate entities. That conclusion cannot be extended to reach plaintiff in this case. There are no counterclaims yet in this case and defendants have submitted little evidence of Spangenberg's actual control over plaintiff or fraudulent behavior with respect to its dealings with defendants. On the basis of the evidence now before the court, it would not be appropriate to conclude that plaintiff is an alter ego of any party to defendants' agreement with Orion. Therefore, I cannot determine whether the dispute resolution provision applies to plaintiff at this time. Defendants' motion to stay or dismiss the case will be denied.

### B.  Motion for a More Definite Statement

Next, defendants contend that plaintiff's allegation of infringement is too vague to allow defendants to respond without undue burden or prejudice. To ease that burden,

9

defendants request that plaintiffs provide a statement including either (1) a list of allegedly infringing products or (2) plaintiff's working criteria by which it believes defendants' products are infringing.

In this case, plaintiff asserts infringement of the '658 patent by defendants' "products and/or services including, without limitation, products that are available for configuration" at a few listed websites and at "internal websites and dealer portals." The complaint offers as examples of infringement those products "available for configuration" at six websites and internal websites and dealer portals, but does not limit its allegation of infringement to those sites.

The focus of Rule 12(e) is to allow defendants to properly respond to a plaintiff's allegations. Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Even more basic than the Rule 12(e) requirement is the notice requirement of Rule 8. Fed. R. Civ. P. 8. As I noted in Ricoh Co., Ltd. v. Asustek Computer, Inc., 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007), "[a]lthough pleading standards under Fed. R. Civ. P. 8 are liberal, a plaintiff must provide notice of its claim so that the other side may prepare a defense."

By listing some examples of allegedly infringing products and specifying the patent alleged to be infringed, plaintiff has given some clues to defendants as to the scope of its

10

claim. But plaintiff must do more than give clues to meet even the broad Rule 8 notice requirements. As I explained in Ricoh, "[i]n the context of alleged patent infringement, [notice] means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent. Failing to identify the infringing product in a patent case is akin to failing to identify the retaliatory action in a civil rights case." Id. (citing Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). Moreover, as I noted recently in Extreme Networks, Inc. v. Enterasys Networks, Inc., 2007 U.S. Dist. LEXIS 95030, 4-5 (W.D. Wis. 2007), a party's failure to specify which claims of a patent allegedly infringe may run up against the same notice problems. Extreme Networks, Inc. v. Enterasys Networks, Inc., 2007 U.S. Dist. LEXIS 95030, 4-5 (W.D. Wis. 2007). At the very least, a plaintiff's failure to specify which claims it believes are infringed by a defendant's products places an undue burden on the defendant, who must wade through all the claims in a patent and determine which claims might apply to its products to give a complete response. A plaintiff's failure to specify patent claims hinders the defendant's ability to prepare a defense. Id. at 5.

To the extent further infringed claims or accused products are identified during discovery, plaintiff is expected to amend the original complaint to specify each claim and each accused device by the deadline for submitting amended complaints. Plaintiff will not be allowed to assert a claim or accuse a device that is not specifically identified in the pleadings.

11

Although plaintiff lists a few examples of allegedly infringing products in its complaint, it fails to specify which claims it believes are infringed and seeks to assert infringement of many unspecified products. Because defendants cannot respond to plaintiff's allegations without undue burden and prejudice, defendants' motion for a more definite statement will be granted. Plaintiff must provide a more definite statement identifying the claims it believes defendants' products infringe and listing all products it believes are infringing or providing a criteria by which defendants can identify the infringing products. It shall have until February 14, 2007 to do so.

ORDER

IT IS ORDERED that

1. The motion of defendants Ford Motor Company, Mazda Motor of America, Inc. and Volvo Cars of North America, Inc. to dismiss or stay the case (dkt. #8) is DENIED.

2. Defendants' motion for a more definite statement (dkt. #8) is GRANTED. Plaintiff may have until February 14, 2008 in which to serve and file a complaint that asserts all claims plaintiff believes are being infringed and sets out all the products it believes are infringing or provides a criteria clear enough to allow defendants to identify the products that plaintiff believes are infringing. If plaintiff fails to do so, the present complaint will be

dismissed.

Entered this 4th day of February, 2008.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge