DOCKET #
U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN

MAR -10 2008

FILED
THERESA M. OWENS, CLERK
CASE #

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TAURUS IP, LLC, a Wisconsin Limited liability company,<br>    Plaintiff,<br><br>v.<br><br>1. FORD MOTOR COMPANY,<br>2. MAZDA MOTOR OF AMERICA, INC., and<br>3. VOLVO CARS OF NORTH AMERICA, INC.<br>    Defendants. | 07-C-0481-C<br><br>**Jury Trial Demand** |
| 1. FORD MOTOR COMPANY,<br>2. MAZDA MOTOR OF AMERICA, INC., and<br>3. VOLVO CARS OF NORTH AMERICA, LLC,<br>    Counterclaim Plaintiffs,<br><br>v.<br><br>TAURUS IP, LLC<br>    Counterclaim Defendant. | |
| 1. FORD MOTOR COMPANY,<br>2. MAZDA MOTOR OF AMERICA, INC., and<br>3. VOLVO CARS OF NORTH AMERICA, LLC,<br>    Third Party Plaintiffs,<br><br>v.<br><br>ERICH SPANGENBERG<br>ORION IP, LLC, PLUTUS IP, LLC, PLUTUS IP<br>WISCONSIN, LLC, CONSTELLATION IP, LLC,<br>AND ACCLAIM FINANCIAL GROUP, LLC.<br>    Third Party Defendants. | |

### STIPULATION OF DISMISSAL AND FINAL JUDGMENT

WHEREAS Plaintiff Taurus IP, LLC ("Taurus"); and Defendants Ford Motor Company ("Ford"), Mazda Motor of America, Inc. ("Mazda"), and Volvo Cars of North America, LLC ("Volvo") (collectively "Defendants"); and Third Party Defendants Erich Spangenberg

DM_US:21070357_1

Copy of this document has been provided to: _____
this ___ day of ___, 20 ___
by _____

("Spangenberg"), Orion IP, LLC ("Orion"), Plutus IP, LLC ("Plutus"), Plutus IP Wisconsin, LLC ("Plutus Wisconsin"), Constellation IP, LLC ("Constellation") and Acclaim Financial Group, LLC ("Acclaim") (collectively "Third Party Defendants") are all the parties in the above-captioned case ("this Action"), which concerns United States Patent No. 6,141,658 ("the '658 patent");

WHEREAS on February 25, 2008, the Court entered an Opinion and Order in *Taurus IP, LLC v. DaimlerChrysler, et al.* (Case No. 07-cv-158) (Docket No. 425) (hereinafter "February 25 Order") granting summary judgment of non-infringement of the '658 patent and invalidity of claims 16 and 27 of the '658 patent;

WHEREAS the parties agree that, in light of the Court's prior construction of terms in the claims of the '658 patent in *Taurus IP, LLC v. DaimlerChrysler, et al.* and the Court's February 25 Order, Plaintiff is (a) collaterally estopped from asserting the validity of Claims 16 and 27 of the '658 patent; and (b) collaterally estopped from asserting any claims against Defendants for infringement of '658 patent. Accordingly, the parties agree that Defendants are entitled to judgment in their favor on Taurus' Complaint for infringement of the '658 patent and the claims for relief therein, and the Defendants are entitled to judgment in their favor on Defendants' Counterclaims for declaratory judgment of non-infringement and invalidity (of '658 patent claims 16 and 27) in this Action, namely, Count I of Defendants Counterclaims (Docket No. 41);

WHEREAS the parties further agree that, in light of the February 25 Order, there is no just reason for delaying the entry of judgment in favor of Defendants, and against Taurus, on the Complaint filed by Taurus, and on Defendants' Counterclaims for declaratory judgment of non-infringement and invalidity;

WHEREAS the parties agree that Taurus intends to ask the Court to reconsider and/or vacate its February 25 Order with respect to finding claims 16 and 27 of the '658 patent invalid

under 35 U.S.C. § 102(e)(2) as anticipated by U.S. Patent No. 5,825,651. The parties agree that the judgment entered by the Court in this Action shall not be inconsistent with the ruling on Taurus' motion for reconsideration in *Taurus IP, LLC v. DaimlerChrysler, et al.* (Case No. 07-cv-158);

WHEREAS the parties further agree that, in the interests of efficiency for the parties and the Court, the counterclaims and third party claims asserted by Defendants *other* than Defendants' Counterclaims for declaratory judgment of non-infringement and invalidity (the "Remaining Counterclaims and Third Party Claims") should be dismissed without prejudice rather than fully litigated at this point, and that, in the event of any future proceedings in this Court for infringement of the '658 patent (or any other patent owned by Plaintiff, Third Party Defendants, or any entity controlled or managed by any of the foregoing), each of the Defendants shall be entitled to reassert each and every one of such Remaining Counterclaims and Third Party Claims without any assertion, argument or claim by Plaintiff and/or any of the Third Party Defendants that any of Defendants Remaining Counterclaims and Third Party Claims are untimely and/or barred by any statute of limitations, statute of repose, or equitable doctrine (other than any such assertion, argument or claim that could have been raised by Plaintiff and/or Third Party Defendants in this Action on or before March 7, 2008);

WHEREAS, the parties further agree that upon dismissal without prejudice of the Remaining Counterclaims, a final judgment can and should be entered in favor of Defendants and against Taurus pursuant to Fed. R. Civ. P. 54(a), and, in any event, that there is no just reason for delaying, and the Court may expressly direct, the entry of final judgment in favor of Defendants and against Taurus pursuant to Fed. R. Civ. P. 54(b);

WHEREAS, the parties agree that by entering into this stipulation, they are not waiving any rights or issues for appeal of the judgment to be entered herein;

3

DM_US:21070357_1

WHEREAS, the parties agree that the following items should be made a part of the record of this case:

    a. Taurus IP, LLC's Objections and Answers to Defendant Ford Motor Company's First Set Of Interrogatories (Nos. 1-21) (February 25, 2008)

    b. Taurus IP, LLC's Objections and Answers to Defendant Mazda Motor of America, Inc.'s First Set Of Interrogatories (Nos. 1-4) (February 25, 2008)

    c. Taurus IP, LLC's Objections and Answers to Defendant Volvo Cars of North America, Inc.'s First Set of Interrogatories (Nos. 1-4) (February 25, 2008)

    d. The record in *Taurus IP, LLC v. DaimlerChrysler, et al.* (Case No. 07-cv-158); and

WHEREAS, the parties are submitting to the Court herewith a proposed **FINAL JUDGMENT** reflecting their stipulations, and make the stipulations herein subject to entry of such **FINAL JUDGMENT**;

IT IS HEREBY STIPULATED AND AGREED,

1. In light of the Court's prior construction of terms in the claims of the '658 patent in *Taurus IP, LLC v. DaimlerChrysler, et al.* (Case No. 07-cv-158) and the Court's February 25 Order (Docket No. 425), and the reasoning contained therein, which is adopted herein as part of the record in this case, Plaintiff is (a) collaterally estopped from asserting the validity of Claims 16 and 27 of the '658 patent; and (b) collaterally estopped from asserting any claims against Defendants for infringement of '658 patent. Accordingly, the parties agree that Defendants are entitled to judgment in their favor on Taurus' Complaint for infringement of the '658 patent and the claims for relief therein, and the Defendants are entitled to judgment in their favor on Defendants' Counterclaims for declaratory judgment of non-infringement and declaratory

judgment of invalidity of '658 patent claims 16 and 27, namely, Count I of Defendants' Counterclaims (Docket No. 41)

2. Because Plaintiff is (a) collaterally estopped from asserting the validity of Claims 16 and 27 of the '658 patent, and (b) collaterally estopped from asserting any claims against Defendants for infringement of '658 patent, judgment shall be entered against Taurus, and in favor of each of the Defendants, on Taurus' Complaint for infringement of the '658 patent (Docket No. 2);

3. Because Plaintiff is (a) collaterally estopped from asserting the validity of Claims 16 and 27 of the '658 patent, and (b) collaterally estopped from asserting any claims against Defendants for infringement of '658 patent, judgment shall be entered in favor of each of the Defendants, and against Taurus, on Defendants' Counterclaims for declaratory judgment of non-infringement, namely, Count I of Defendants' Counterclaims (Docket No. 41);

4. Because Plaintiff is collaterally estopped from asserting the validity of Claims 16 and 27 of the '658 patent, judgment shall be entered in favor of each of the Defendants, and against Taurus, on Defendants' Counterclaims for declaratory judgment of invalidity, namely, Count I of Defendants' Counterclaims (Docket No. 41), as follows:

    a. claim 16 of the '658 patent is invalid under 35 U.S.C. § 102(e)(2) as anticipated by U.S. Patent No. 5,825,651; and

    b. claim 27 of the '658 patent is invalid under 35 U.S.C. § 102(e)(2) as anticipated by U.S. Patent No. 5,825,651.

The judgment entered in this case with respect to invalidity of the '658 patent shall not be inconsistent with any ruling on a motion for reconsideration and/or vacature that Taurus may file in *Taurus IP, LLC v. DaimlerChrysler, et al.* (Case No. 07-cv-158) asking the Court to

reconsider and/or vacate its February 25 Order with respect to finding claims 16 and 27 of the '658 patent invalid under 35 U.S.C. § 102(e)(2) as anticipated by the prior art;

5. Defendants' Remaining Counterclaims and Third Party Claims hereby are dismissed without prejudice, pursuant to Rule 41(a)(1) and 41(c) of the Federal Rules of Civil Procedure and, in the event of any future proceedings in this Court for infringement of the '658 patent (or any other patent owned by Plaintiff, Third Party Defendants or any entity controlled or managed by any of the foregoing), each of the Defendants shall be entitled to reassert each and every one of such Remaining Counterclaims and Third Party Claims without any assertion, argument or claim by Plaintiff and/or any of the Third Party Defendants that any of Defendants' Remaining Counterclaims and Third Party Claims are untimely and/or barred by any statute of limitations, statute of repose, or equitable doctrine (other than any such assertion, argument or claim that could have been raised by Plaintiff and or Third Party Defendants in this Action on or before March 7, 2008). Further, in the event of any future proceedings in this Court for infringement of the '658 patent, each of the Defendants shall be entitled to assert (a) any and all arguments or claims relating to construction of the '658 patent's terms; (b) any and all arguments or claims relating to invalidity and/or unenforceability of the '658 patent claims (based on any and all pieces of prior art and/or combinations of prior art available to Defendants); (c) any and all arguments or claims relating to non-infringement of any claim of the '658 patent; and (d) any and all arguments or claims for damages and/or recovery of attorneys fees and costs, without any assertion, argument or claim by Plaintiff and/or any Third Party Defendant that Defendants have waived, abandoned, disclaimed or are in any way foreclosed from presenting such arguments or claims by virtue of this stipulation or judgment;

6. The parties agree that if the Court's decision granting summary judgment of non-infringement to Mercedes and Chrysler is reversed and remanded for further proceedings by the

U.S Court of Appeals for the Federal Circuit, then this judgment of non-infringement and invalidity of Claims 16 and 27 shall likewise be vacated and remanded for further proceedings in this Court;

7. Final judgment in this case shall be entered on the date of, and immediately after, entry of judgment in *Taurus IP, LLC v. DaimlerChrysler, et al.* (Case No. 07-cv-158), and until such date, all proceedings shall be stayed in the above-captioned matter.

8. By entering into this stipulation, the parties are not waiving any rights or issues for appeal of the judgment to be entered herein. The parties reserve all rights of appeal.

IT IS SO STIPULATED

Dated: March 7, 2008                    Respectfully submitted,



Kajeer Yar
2431 East 61st Street, Suite 320
Tulsa, OK 74136
Telephone: 918-292-8158
Email: kyar@yarlawfirm.com

David Pridham
207C North Washington
Marshall, Texas 75670
Telephone: 903-938-7400
Facsimile: 903-938-7404
Email: David@ipnav.com

Joseph A. Ranney
Joseph T. Leone
David V. Meany
DeWitt Ross & Stevens S.C.
Two East Mifflin Street, Suite 600
Madison, WI 53703-2865
Telephone: (608) 255-8891

Michael N. Newton
The Law Offices of Michael Newton
2714 Beverly Drive
Flower Mound, TX 75022
Telephone: (214) 438-0806

**ATTORNEYS FOR PLAINTIFF TAURUS IP, LLC AND THIRD PARTY DEFENDANTS ERICH SPANGENBERG, ORION IP, LLC, PLUTUS IP, LLC, PLUTUS IP WISCONSIN, LLC, CONSTELLATION IP, LLC, AND ACCLAIM FINANCIAL GROUP LLC**

Dated: March 7, 2008

Respectfully submitted,

*/s/ Matthew Moore*

Matthew Moore
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2402
Telephone: 202.783.0800
Facsimile: 202.383.6610

Shane A. Brunner
State Bar Number _____
One South Pinckney Street
Suite 700
Madison, WI 53703-4257
Telephone: 608.257.3501
Facsimile: 608.283.2275

Robert W. Unikel
David B. Fournier
Howrey LLP
321 North Clark Street
Chicago, Illinois 60610-4714
Telephone: 312.595.1239
Facsimile: 312.595.2250

Ryan E. Lindsey
Howrey LLP
2020 Main Street Suite 1000
Irvine, CA 92614
Telephone: 949.721.6900
Facsimile: 949.721.6910

**ATTORNEYS FOR DEFENDANT FORD MOTOR COMPANY, MAZDA MOTOR OF NORTH AMERICA, INC., AND VOLVO CARS OF NORTH AMERICA, LLC.**

Pursuant to Stipulation, IT IS SO ORDERED.

Dated: March 10, 2008

*Barbara B Crabb*
The Honorable Barbara B. Crabb
District Court Judge
Western District of Wisconsin

10

DM_US:21070357_1